*Carnivale v. The City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand eighteen.

PRESENT:   PIERRE N. LEVAL,
           GUIDO CALABRESI,
           JOSÉ A. CABRANES,
                *Circuit Judges.*

---

DAVID JOHN CARNIVALE,

                *Plaintiff-Appellant,*                              17-1659

                v.

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF FINANCE,

                *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          David John Carnivale, pro se, Staten
                                       Island, New York.


**FOR DEFENDANTS-APPELLEES:**         Andrew G. Lipkin, Joshua M. Sivin,
                                       Andrea M. Chan, of Counsel, *for* Zachary
                                       W. Carter, Corporation Counsel of the
                                       City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant David John Carnivale, proceeding pro se, appeals from the District Court's judgment dismissing his 42 U.S.C. § 1983 complaint. Carnivale sued the City of New York and the New York City Department of Finance ("the defendants") for violations of his Fourth, Fifth, and Fourteenth Amendment rights, seeking an injunction capping the amount that the defendants could raise his property taxes. He alleged that from 2006 to 2016, the defendants had applied certain tax exemptions to his property, although they knew that he had inherited the property and did not personally qualify for the exemptions. In 2016, they removed the exemptions, causing his quarterly property tax bill to become prohibitively high. The District Court sua sponte dismissed the action without prejudice for lack of subject matter jurisdiction, reasoning that the Tax Injunction Act, 28 U.S.C. § 1341, prohibits district courts from exercising jurisdiction over an attempt by a plaintiff to prevent the state from collecting taxes when there is a remedy available in the state courts. On appeal, Carnivale argues that the District Court erred by dismissing the action. He also moves to enjoin the defendants from seizing or placing a lien on his property until the conclusion of this litigation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the District Court's dismissal of a complaint for lack of subject matter jurisdiction. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010). The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, upon such de novo review, we conclude that the District Court properly dismissed Carnivale's claims. We affirm for substantially the reasons stated by the District Court in its thorough April 24, 2017 decision.

We have considered Carnivale's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court. Furthermore, we **DENY** as moot Carnivale's motion to enjoin the defendants from seizing or placing a lien on his property until the conclusion of this litigation.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2